# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHCHYAN ANDRANIK,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>G. MURIETTA, et al.,<br><br>　　　　Defendants. | Case No. CV 10-7247 JST (MRW)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

## SUMMARY OF ORDER

This is a civil rights action brought under 28 U.S.C. § 1983. Plaintiff was formerly a state prison inmate. However, Plaintiff was subsequently released on parole, and has not kept the Court apprised of his current address. This is a violation of the Local Rules of Court. Additionally, because Plaintiff has not taken steps to effect service of the complaint on any of the defendants, the Court finds it appropriate to dismiss the action for failure to prosecute under Federal Rule of Civil Procedure 41.

## FACTS AND PROCEDURAL BACKGROUND

In September 2010, Plaintiff lodged a proposed civil rights complaint with the Court. At that time, Plaintiff was incarcerated at Soledad State Prison, and he gave his Soledad prison address as the location where he was to be served with

documents in this case. (Docket # 1.) The Complaint alleged violations of Plaintiff's constitutional rights based on the use of excessive force and retaliation by prison officials.

Pursuant to the Prison Litigation Reform Act (28 U.S.C. § 1915A), the Court reviewed the Complaint for screening purposes. On April 5, 2011, the Court issued orders permitting Plaintiff to proceed with the action and directing Plaintiff to submit paperwork to the U.S. Marshal to effect service of the Complaint on the defense. (Docket # 5, 6.) Plaintiff was specifically ordered to file a notice of submission of those records with the Court to prove that he had provided that paperwork to the Marshal. (Id.) The matter was subsequently transferred from Magistrate Judge Chooljian to Magistrate Judge Wilner. The Court issued an order regarding the transfer on April 13, 2011. (Docket # 8.)

The orders described above were all mailed to Plaintiff at Soledad Prison. On April 26, 2011, the Postal Service returned the orders to the Court as undeliverable. (Docket # 9-12.) On the face of the envelopes returning the court materials, prison officials indicated that Plaintiff had been paroled from the institution. (Id.)

To date, Plaintiff has not updated his address information with the Court to indicate his post-incarceration address. Additionally, the docket does not reflect the filing of a notice of submission of the forms with the Marshal regarding service of the Complaint. Indeed, Plaintiff has not filed anything with the Court after originally submitting the Complaint in September 2010.

**ANALYSIS AND ORDER**

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. See Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) (analyzing factors supporting dismissal of Section 1983 actions).

A pro se litigant has an affirmative obligation to provide the Court with up-to-date contact information. This allows the Court to monitor and advance filed cases, and ensure that litigants are ready and able to respond to orders of the Court. Civil rights plaintiffs (especially prisoners) generally proceed in forma pauperis, and are exempt from the ECF service rules that the Court currently uses in most civil and criminal litigation. Rather, such parties receive notices and other documents from the Court by traditional U.S. Mail.

For this reason, the Court has adopted Local Rule 41-6 (promulgated under Federal Rule of Civil Procedure 41). The rule is entitled "Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address." The Local Rule directly states that

> [a] party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The time period in Local Rule 41-6 by which Plaintiff was obliged to update his address expired on April 20 (15 days after April 5 service of first returned order). Plaintiff failed to do so. Indeed, the Court has no information as to how long ago Plaintiff was actually released from custody. However, the record reveals that Plaintiff has taken none of the actions required to advance his civil lawsuit – by either updating his address with the Court or providing the Marshal with

information to effect service of the Complaint – since the issuance of the Court's orders.

Plaintiff clearly does not have any continued interest in advancing his civil case here. By contrast, the Court, the unserved defendants, and the public have a strong interest in terminating this action. Several additional weeks have passed since the expiration of the deadline imposed under the Local Rule with no additional action from Plaintiff. The Court therefore finds that dismissal is now appropriate.

Accordingly, because Plaintiff failed to: (a) comply with the requirement under Local Rule 41 to keep the Court apprised of his current address; and (b) take any other action to prosecute this action, the Court hereby DISMISSES this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: June 14, 2011

**JOSEPHINE STATON TUCKER**
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE